# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2524 | **DATE** | 4/21/2004 |
| **CASE TITLE** | Nippon vs. Mitsui Sumitomo Ins. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion to dismiss for lack of subject matter jurisdiction. Motion for leave to file 3rd party complaint is withdrawn (30-1). Motion for leave to file counterclaim is granted (31-1). Motion for extension of discovery deadline is granted to 6/30/04 (29-1). Response to motion for partial summary judgment is due 6/30/04. Reply brief is due 7/14/04. Plaintiff's 26(a)(2) disclosures are due 5/17/04, and defendant's on 6/14/04. Status hearing of 4/27/04 is vacated, and reset to 8/3/04 at 9:30 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 2004 APR 25 PM 12:15 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


NIPPON EXPRESS U.S.A. (ILLINOIS), INC., )
)
            **Plaintiff,** )
)
vs. ) Case No. 03 C 2524
)
MITSUI SUMITOMO INSURANCE CO., LTD.; )
HANJIN SHIPPING CO., LTD.; NORFOLK )
SOUTHERN RAILWAY CO.; OMNI RAIL )
INTERMODAL, INC.; and JAM TRUCKING, INC., )
)
            **Defendants.** )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In late September 2002, plaintiff Nippon Express U.S.A. (Illinois), Inc., a common carrier of goods, issued a bill of lading regarding nine containers, including a container load of Sony PlayStation games, for carriage from Tokyo, Japan to Bolingbrook, Illinois, where the container was to be delivered to Sony Computer Entertainment America. Nippon Express hired defendant Hanjin Shipping Co. to perform the carriage. Hanjin issued a bill of lading for transport of the nine containers from Tokyo to a Chicago container yard, identifying Nippon Express as the shipper, and it transported the shipment to Tacoma, Washington. Hanjin made separate arrangements with Burlington Northern Santa Fe Railway (BNSF) and defendant Norfolk Southern Railway to transport the shipment from Tacoma to Chicago. BNSF allegedly issued its own bill of lading, and it transported the shipment to Norfolk Southern. Defendant Omni Rail Intermodal, Inc. was hired by Norfolk Southern to deliver the goods from Norfolk Southern's

Chicago rail yard to the proper consignee or its trucker. Defendant Jam Trucking, Inc. was hired to carry the shipment from Norfolk Southern's rail yard to Sony in Bolingbrook. However, the container was never delivered to Sony, and the circumstances surrounding its disappearance were not immediately known.

Mitsui Sumitomo Insurance Co., Sony's insurer, advised Nippon Express that it considered Nippon Express responsible for the loss of the container, whose contents were valued at over $475,000. Nippon Express has sued Mitsui, Hanjin, Norfolk Southern, Omni Rail, and Jam, seeking a declaratory judgment regarding responsibility for the loss. Mitsui has moved to dismiss Nippon Express' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, the Court denies Mitsui's motion.

## Discussion

Under 28 U.S.C. § 1337, a federal court has jurisdiction of a claim arising under an Act of Congress regulating commerce if more than $10,000 is in controversy. Nippon's claim of subject matter jurisdiction is based on the Carmack Amendment, 49 U.S.C. § 11706, an amendment to the Interstate Commerce Act that imposes liability on certain carriers for loss of goods in shipment.

Mitsui argues that the Court lacks jurisdiction under the Carmack Amendment because the container was shipped under Nippon Express' bill of lading, which Mitsui says was a "through" bill of lading issued in a foreign country. A through bill of lading is one that governs the shipment of goods throughout its transportation to its final destination. Mitsui relies on *Capital Converting Equipment, Inc. v. LEP Transport, Inc.*, 9765 F.2d 391 (7th Cir. 1992), in which the Seventh Circuit held that the Carmack Amendment does not apply where the shipment

was under a through bill of lading issued in a foreign country for shipment from a foreign country to the United States, unless a domestic segment of the transport is covered by a separate domestic bill of lading. *Id.* at 394. *Accord, e.g., American Road Service Co. v. Consolidated Rail Corp.,* 348 F.3d 565, 568 (6th Cir. 2003). The court's rationale was that the Carmack Amendment applies to common carriers providing service subject to the jurisdiction of the Interstate Commerce Commission, which does not extend to shipments by water, rail, or motor carriers from a foreign country to the United States unless a domestic segment is covered by a separate bill of lading. *See Capital Converting,* 965 F.2d at 394 (citing 49 U.S.C. §§ 10501, 10521 & 10561).

Nippon Express and Hanjin contend that *Capital Converting* is no longer good law. Though we are skeptical of this argument, we need not decide the point, as Nippon Express has alleged in its complaint that BNSF issued a separate bill of lading in Tacoma covering shipment to Chicago, and Hanjin has provided evidence in response to the motion to dismiss that Norfolk Southern also issued a bill of lading in this country, which is sufficient to bring *Capitol Converting's* exception into play. Mitsui argues that the Court should not consider these arguments, as Nippon Express' complaint does not identify the purported BNSF bill of lading by number, and the purported Norfolk Southern bill of lading is not even mentioned in the complaint. But the identification of a bill of lading is not one of the limited matters that Rule 9 of the Federal Rules of Civil Procedure requires to be pled with particularity, and the law is clear that evidence outside the pleadings may be considered on a motion to dismiss under Rule 12(b)(1). *See Land v. Dollar,* 330 U.S. 731 (1947). As a result, it is appropriate to consider the references to the alleged domestic bills of lading.

Mitsui argues that because the bill of lading issued in Japan was a through bill of lading, any domestic bills of lading covering portions of the same shipment are of no effect. But the cases Mitsui cites in support of this argument say only that a separate domestic bill of lading covering part of a through shipment does not alter the responsibilities of the initiating carrier or the connecting carrier; they do not say that a separate domestic bill of lading is of no effect for jurisdictional purposes. *See Mexican Light & Power Co. v. Texas Mexican Ry.*, 331 U.S. 731, 734 (1947); *Missouri, Kansas & Texas Ry. v. Ward*, 244 U.S. 383, 386-87 (1917). In the Court's view, the Seventh Circuit's statement in *Capitol Converting* that jurisdiction exists under the Carmack Amendment for a "domestic segment of [a through] shipment covered by a separate domestic bill of lading" would be virtually meaningless if the law were as Mitsui argues.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss for lack of subject matter jurisdiction.

MATTHEW F. KENNELLY
United States District Judge

Date: April 21, 2004

4